# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## IN KANSAS CITY

| | |
|---|---|
| JUDITH ECKEL, heir-at-law, <br> and JUDITH ECKEL, <br> Administrator of the Estate of <br> RICHARD ECKEL, <br><br> Plaintiffs, <br><br> vs. <br><br> DELMAR GARDENS OF OVERLAND <br> PARK OPERATING, LLC, <br> Serve: The Corporation Company <br>       112 SW 7th Street, Suite 3C <br>       Topeka, Kansas 66603 <br><br> Defendant. | Case No.: |

## COMPLAINT

Come now Plaintiffs Judith Eckel, heir-at-law, and Judith Eckel, Administrator of the Estate of Richard Eckel, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and for their cause of action against Defendant Delmar Gardens of Overland Park Operating, LLC, respectfully state as follow:

### Parties

1. Plaintiff Judith Eckel is a Kansas resident, the surviving spouse of the decedent, Richard Eckel, the Administrator of the Estate of Richard Eckel, and is entitled to bring this wrongful death and survival cause of action pursuant to K.S.A. § 60-1901 et seq. and § 60-1801 et seq.

2. Defendant Delmar Gardens of Overland Park Operating, LLC is a Kansas limited liability company which at all relevant times herein had a management, ownership, and/or

operational control interest in a skilled nursing facility named Delmar Gardens of Overland Park located at 12100 W. 109th Street, Overland Park, Kansas 66210.

## Jurisdiction

3. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §1332 in that there is, first, complete diversity between the parties in that Plaintiffs are Kansas residents and the sole member of Defendant Delmar Gardens of Overland Park Operating, LLC is Delmar Gardens Enterprises, Inc., a Missouri corporation which has its principal place of business in Missouri and, second, the amount in controversy exceeds $75,000.

## Facts

4. Richard Eckel (the "decedent") was a resident of Delmar Gardens of Overland Park ("Delmar Gardens") from March 9, 2018 until April 11, 2018, where we was admitted for skilled nursing after a fall at home.

5. Upon admission to Delmar Gardens, Defendant knew or should have known that the decedent was at risk for the development of pressure sores.

6. Defendant knew or should have known that the decedent, among other things, needed to be repositioned every two hours to avoid the risk of the development of pressure sores.

7. Defendant, *inter alia*, failed to maintain the decedent on an every two hour turning and repositioning schedule, failed to provide proper wound care, and positioned the decedent on developing and worsening pressure sores.

8. As a direct and proximate result of Defendant's negligence, the decedent developed bilateral heel pressure sores at Delmar Gardens which required medical care and treatment and ultimately caused and/or contributed to cause his death on November 16, 2018.

**Count I: Negligence**

9. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if set forth herein.

10. Defendant owed the decedent the duty to exercise the degree of care and learning ordinarily exercised under the same or similar circumstances by members of the community of duly licensed health care providers and skilled nursing owners, operators, administrators, and agents.

11. Defendant had a non-delegable duty to provide skilled nursing care to the decedent and Defendant had a duty to ensure that its employees exercised the degree of skill and learning ordinarily exercised by members of the employees' professions.

12. Defendant had a non-delegable duty to provide management services to the decedent and, in the management and supervision of Delmar Gardens, to place resident safety above profit and to provide sufficient resources to permit Delmar Gardens and its employees to adhere to the following applicable standards of care:

    a. Provide each resident with twenty-four hour protective oversight, personal attention and nursing care in accord with his/her condition;

    b. Provide nursing care and other supervision consistent with acceptable nursing practice;

    c. Provide sufficient personnel properly trained in their duties;

    d. Provide each resident an environment free from mental and physical abuse; and

    e. Provide each resident with consideration, respect, and dignity.

13. During the course of its care and treatment of the decedent, Defendant and its agents breached their duties of due care, skill, and practice ordinarily exercised by members of their profession under the same or similar circumstances in one or more of the following ways:

a. By failing to assess and monitor the decedent;

b. By failing to properly hydrate and nourish the decedent;

c. By failing to assess and monitor the decedent and timely notify appropriate physicians as to changes in her condition;

d. By failing to prepare an appropriate plan of care for the decedent's medical conditions;

e. By failing to consistently evaluate, monitor, and assess the decedent's physical condition;

f. By failing to reposition, move, and manipulate the decedent every two hours to prevent the development and/or worsening of pressure sores;

g. By failing to diagnose, report, and/or treat the decedent's pressure sores;

h. By failing to establish a plan or protocol for the avoidance of pressure sores;

i. By seating the decedent directly upon her pressure sores as they developed and worsened;

j. By failing to provide the decedent proper wound care;

k. By failing to transfer the decedent to an appropriate facility that could adequately care for her when her physical condition changed;

l. By failing to obtain a timely consultation from a qualified specialist when the decedent's physical condition deteriorated;

m. By failing to provide the decedent with an adequate number of staff members knowledgeable of his condition;

n. By failing to hire and provide sufficient nursing staff to monitor and care for the patients in the facility, including the decedent;

o. By failing to properly supervise and monitor the decedent's care and condition;

p. By failing to hire, recruit, retain and provide sufficient and competent nursing staff to monitor and care for the patients in the facility, including the decedent;

q. By failing to budget sufficient money to recruit and retain competent staff and to provide sufficient support and other services and supplies for the residents, including the decedent;

r. By failing to supervise and train, and negligently retaining, the staff of Delmar Gardens;

s. By failing to keep the decedent free from abuse and neglect;

t. By failing to treat the decedent in a dignified manner; and,

u. By failing to maintain proper care and services for the decedent.

14. The negligent acts and/or omissions stated herein were committed by employees, servants, and/or agents of Defendant while acting within the course and scope of their employment. As a result, Defendant is liable to Plaintiffs for the negligent acts and omissions of its employees, servants, and/or agents pursuant to the doctrine of *respondeat superior*.

15. As a direct and proximate result of Defendant's negligence, the decedent developed bilateral heel pressure sores at Delmar Gardens which required medical care and treatment and ultimately caused and/or contributed to cause his death on November 16, 2018.

16. As a direct result of Defendant's negligence, Plaintiffs have suffered and are entitled to recover for: a loss of spousal care, training, guidance, education, and protection; the loss of household services; a loss of earnings that the decedent would have provided; reasonable funeral expenses; mental anguish, suffering, and bereavement; a loss of society, comfort, and companionship; and all other pecuniary damages as permitted under Kansas law pursuant to *Wentling v. Medical Anesthesia Serv.*, 701 P.2d 939 (Kan. 1985).

17. Plaintiff Judith Eckel, Administrator of the Estate of Richard Eckel, is also entitled to recover for the physical and mental injuries the decedent sustained before his death as a proximate result of Defendant's negligence pursuant to K.S.A. § 60-1801 et seq. including, but not limited to:

      a.    Physical and mental injuries as described herein, including, but not limited to, bilateral heel pressure sores and complication of this injury. These injuries caused the decedent severe physical pain and mental anguish; and,

      b.    Reasonable medical expenses for hospital services, treatment by physicians, nursing care, medicine, and special medical equipment.

**WHEREFORE,** Plaintiffs Judith Eckel, heir-at-law, and Judith Eckel, Administrator of the Estate of Richard Eckel, pray for judgment against Defendant Delmar Gardens of Overland Park Operating, LLC for an amount that will fairly and justly compensate them for their and the decedent's injuries and damages in excess of $75,000, for costs incurred herein, and for such other and further relief as this Court deems just, proper, and equitable.

### Demand for Jury Trial
### Pursuant to Local Rule 40.2

18.    Pursuant to Local Rule 40.2, Plaintiffs hereby demand trial by jury on all Counts and claims in this action in the United States District Court in Kansas City, Kansas.

                                                      BROWN & CROUPPEN, P.C.

                                                      /s/ Brett A. Williams
                                                      Brett A. Williams       #78280
                                                      2345 Grand Boulevard, Suite 675
                                                      Kansas City, Missouri 64108
                                                      (816) 285-0757
                                                      (816) 817-6552 (Facsimile)
                                                      brettw@getbc.com

                                                      ATTORNEY FOR PLAINTIFFS

G:\Open Clients\Eckel, Richard_515662\Pleadings\Draft - WORD version\Complaint.doc